FILED
SUPERIOR COURT
OF GUAM

2022 FEB -2 PM 2: 12

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| VINCE E.S. YATAR,<br><br>            Plaintiff,<br><br>     vs.<br><br>DIANA LAGMAN,<br><br>            Defendant. | Superior Court Case No. <u>DM0354-21</u><br><br>**DECISION AND ORDER RE MOTION<br>FOR CUSTODY PENDENTE LITE** |

In this custody action, the Court considers whether to allow Plaintiff Vince E.S. Yatar increased custody of his child pending a final resolution. Having reviewed the parties' arguments, testimonies, and relevant laws, the Court determines it is in the parties' child's best interests to have increased and overnight visitation with his father. Therefore, the Court GRANTS the Motion and permits Yatar overnight visitation as discussed herein.

## I.    <u>FACTUAL BACKGROUND</u>

Yatar and Defendant Diana Lagman are unmarried and have a 13 month-old son, V.Y. V.Y. has lived at Lagman's house since birth. Yatra visits with V.Y. every day at Lagman's house, but Lagman has denied him from taking V.Y. to his home--where he lives alone--for overnight visits. Lagman asserts that Yatar cannot care for V.Y. by himself due to Yatar's mental and physical health.

Around 1995, Yatar retired as an electrician for Guam Power Authority because of a disability stemming from workplace anxiety. Since retiring, Yatar has received a retirement disability benefit from the Government of Guam Retirement Fund. To continue to receive these

funds, on an annual basis, Yatar must demonstrate that he still has the disability. As of the hearing date, Yatar continues to qualify for the disability benefit.

To demonstrate Yatar's physical, psychological, and mental challenges, Lagman provided the Court numerous text messages that Yatar sent her between February 2020 and December 2020. In the messages, Yatar states that he has physical, mental, and emotional problems, making it difficult for him to care for a child. The Court notes that most of the messages were sent before V.Y.'s birth on December 14, 2020. Yatar also testified that these issues were caused by the COVID-19 pandemic and problems in the parties' relationship.

Lagman further claims--and Yatar concedes--that he takes medications for his various ailments, which include high blood pressure, depression, anxiety, and diabetes. Lagman also testified that, in January 2020, Yatar tripped and fell in her bedroom. She testified that two days prior, he complained about being dizzy, having a headache, and not being able to see clearly. Yatar, however, denies that the fall was a result of physical ailments and claims that the ground was slippery.

Lagman also asserts that Yatar cannot take care of V.Y. because of his work schedule. She claims that Yatar runs a bush-cutting business in which he gets paid despite his receipt of disability retirement benefits. Yatar denies running a bush-cutting business. He asserts that he cuts his own lawn and the lawns of people in his village, who pay him in fruits and vegetables. He also claims that he does not have a set schedule.

Finally, Lagman points to evidence that Yatar wanted her to have an abortion or have the child adopted prior to birth. Yatar claims that his perspective changed once V.Y. was born.

Yatar wants further time alone with V.Y. to bond with him and feels he is fit enough to have these overnight visits. He believes he controls all of his medical issues with medication and

watches Lagman's other six children when she is at work. He also points to how he raised two other children, who are now adults.

The Court-ordered custody study was not introduced or discussed in detail; however, Yatar asks the Court to adopt the study's recommendation that Yatar transition to having overnight visits two nights a week. Notably, the study indicated that Yatar is free of any medical issues that would impact his ability to be a custodial parent.

## II.     LAW AND DISCUSSION

The Court's decisions regarding child custody are governed by Section 8404 of Title 19 of the Guam Code Annotated. 19 G.C.A. § 8404. It is well settled that the Court must establish the custody arrangement based on the child's best interests. *Id.* When determining what is within the child's best interests, the Court may consider a multitude of factors, including what is best for that child's moral, physical, mental, and spiritual well-being. *Id.*; *see also Howerton v. Howerton*, 2004 Guam 8 ¶ 25 (providing additional factors to weigh in a custody decision, like the child's age, habits, schooling, and extracurricular activities, and the parents' jobs and fitness).

In addition to the best interests of the child, the Court must also consider the legislative preference for joint custody and the legislative policy that children should spend "as much time with each of their parents as possible when the parents are not living together." 19 G.C.A. § 8404(a)(8). "Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children." *Flores v. Cruz*, 1998 Guam 30 ¶ 11. Furthermore, children are required to spend substantial time, but not necessarily equal time, with each parent in a joint physical custody arrangement. *Lanser v. Lanser*, 2003 Guam 14 ¶ 13. However, "[t]he holding of *Lanser* that equal time is not required under a joint custody plan does not affect the clear legislative policy that equal time is preferred," and equal time "should be

granted to the greatest extent possible." *Howerton*, 2004 Guam 8 ¶ 19. In order to deviate, the standard is clear: "A trial court may deviate from an equal time arrangement if it is within the child's best interests." *Id*. at ¶ 20.

While Lagman offers a number of justifications for depriving Yatar of custody, Lagman trusts him to watch the child, as long as others are present in the event he has a medical emergency. Based on that fact, the Court finds that Yatar's medical condition is Lagman's primary justification for withholding custody.

Yatar's status as a disability retiree does raise concerns about his health. However, Yatar takes care of V.Y. every day, along with Lagman's six other minor children. The Court also notes that he can take on hard physical tasks such as bush-cutting. Moreover, the custody study revealed that he was in good health. While the Court notes that the evidence regarding Yatar's health appears to contradict his status as a disabled retiree, the Court nonetheless finds that he can take care of V.Y. alone at his home without any major medical risks.

The Court further agrees that Yatar should be able to take care of V.Y. alone, on his terms, and not solely within the confines of Lagman's residence. Lagman's restriction of Yatar's custody to her home does permit him to exercise physical custody over V.Y and runs counter to the equal time policies under Guam law. Having found no medical reason to deprive Yatar of physical custody of V.Y., the Court finds that allowing V.Y. more time with his father is in his best interests. Accordingly, the Court GRANTS Yatar's motion.

The Court, however, believes that some transition is necessary. The custody study recommended that V.Y. spend weekends with his Yatar. However, considering that Lagman works during the week, the Court finds it more appropriate that if she does not work on the weekends, she can spend time with V.Y. on Saturdays and Sundays. Therefore, the Court ORDERS that Yatar have physical custody from Sunday at 6 p.m. until Tuesday at 6 p.m., and

Lagman has physical custody at all other times.  Both parties shall permit liberal visitation by the non-custodial parent.

## III.    CONCLUSION AND ORDER

The Court GRANTS Yatar's motion and as a transition period, grants him physical custody of V.Y. from Sunday at 6 p.m. until Tuesday at 6 p.m., effectively immediately.

The bench trial date of March 3, 2022, and the pretrial conference date of February 16, 2022, at 3 p.m., remain on the  Court's trial calendar.  Pretrial materials, including additional exhibits, witness lists, and a trial brief are due on February 11, 2022.  To expedite the trial, the Court will incorporate testimony received during the motion hearing.

SO ORDERED this 2nd day of February 2022.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
GUMATAOTA
C.B. CAMACHO
Date:_____Time: 2/2/22

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff Vince E.S.
     Yatar
Catherine Bejerana Camacho, Esq., Law Office of Catherine Bejerana Camacho, for Defendant
     Diana Lagman